1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN MARIANA
ISLANDS

FILED
Clerk
District Court

JUL 29 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

Paul M. Murphy,
Plaintiff,

v

JAMES C. DELEON GUERRERO, in his
official capacity as Commissioner of the
Department of Public Safety of the
COMMONWEALTH OF THE NORTHERN
MARIANA ISLANDS (CNMI),

LARISSA LARSON, in her official capacity as
the Secretary of the Department of Finance of
the COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS (CNMI),

Defendants,

Case No.: CV 14-0026

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Paul Murphy, Pro Se, for his Complaint against Defendant JAMES C.

DELEON GUERRERO, in his official capacity as Commissioner of the Department of Public

Safety of the Commonwealth of the Northern Mariana Islands (CNMI); and against LARISSA

LARSON, in her official capacity as Department of Finance Secretary of the CNMI, allege as

follows:

**INTRODUCTION**

1.      This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under

color of law, which seeks equitable, declaratory, and injunctive relief challenging the CNMI's

import ban on and prohibition thereof of handguns, firearms in calibers other than .22 and .410,

and ammunition of bore diameters other than .22. and .410; and the statutory restrictions to

possess and carry a firearm for self-defense purposes in the CNMI; and the good cause

requirement for obtaining license to own and possess a firearm for self-defense.

2.     The Second Amendment, "The right of the people to keep and bear arms shall not be infringed…" guarantees, "the lawful defense of self, family, and property" with respect specifically to handguns. District of Columbia v. Heller, 554 U.S., (2008); and this "right is fully applicable to the states"; and "is a privilege of American Citizenship recognized by § 1 of the Fourteenth Amendment". McDonald v. City of Chicago, 561U.S. (2010).

3.     In, 1975, the United States and the CNMI entered into the Covenant to Establish a Commonwealth of the Northern Marianas Islands in Political Union with The United States of America ("Covenant") that the CNMI would have Commonwealth status, which was signed into law by the U.S. Congress in 1976 and fully implemented in November, 1986.

4.     Pursuant to Section 501(a) of the Covenant, in reference to Section 1 of the Fourteenth Amendment to the United States Constitution the Second Amendment is applicable to the CNMI.

## JURISDICTION AND VENUE

5.     Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the CNMI of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress. This action satisfies the threshold requirement imposed by Article III of the Constitution alleging an actual case or controversy.

6.     This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

### PLAINTIFF

7.      Plaintiff, Paul Murphy is a resident of Saipan, CNMI, and is a U.S. national (Exhibit 2)

and citizen (Exhibit 3). He is a United States Army veteran who served in the Global War on

Terror and was honorably discharged (Exhibit 6). He was an assistant teacher at Kagman High

School with the Troops to Teacher program then moved to Marianas Baptist Academy to become

a master teacher full time; in this capacity he has been employed for around five years.

### DEFENDANTS

8.      Defendant, James C. Deleon Guerrero, in his official capacity as Commissioner of the

Department of Public Safety of the CNMI, is responsible for enforcing the CNMI's laws,

customs, practices, and policies. In that capacity, Commissioner Deleon Guerrero presently

enforces laws, customs, practices, and policies complained of in this action, and is sued in his

official capacity. Specifically, Commissioner Deleon Guerrero is the authority charged with

enforcing the provisions contained within the CNMI Weapons Control Act and with issuing

Weapons Identification Cards to residents of the CNMI.

9.      Defendant, Larissa Larson, in her official capacity as Secretary of the Department of

Finance of the CNMI, is responsible for enforcing the CNMI's laws, customs, practices, and

policies. In that capacity, Secretary Larson, presently enforces laws, customs, practices, and

policies complained of in this action, and is sued in her official capacity. Specifically, Secretary

Larson is the authority charged with enforcing the provisions of 6 CMC §§ 2301-2303.

### STATUTORY BACKGROUND

10.      In the CNMI, there exists the Commonwealth Weapons Control Act (6 CMC §§ 2201-

2230). Section 2202 of the Act (6 CMC § 2202) states, "No person may manufacture, purchase,

sell, possess or carry any firearm, dangerous device or ammunition other than as provided in this

article."

11.    Further, 6 CMC § 2204 states, "No person may acquire or possess any firearm, dangerous device or ammunition unless the person holds an identification card issued pursuant to this article."

12.    Also, 6 CMC § 2206 states, "No person may carry a firearm unless the person has in his or her immediate possession a valid identification card, and is carrying the firearm unloaded in a closed case or other securely wrapped or closed package or container, or locked in the trunk of a vehicle while en route to or from a target range, or area where the person hunts, or takes part in other sports involving firearms, or carries the firearm in plain sight on his or her person while actively engaged in hunting or sports involving the use of firearms." This definition of "carry" includes "having on one's person" (6 CMC 102(b), and on its face applied even in one's home. It also excludes self-defense as a valid reason for possessing a firearm.

13.    Additionally, 6 CMC § 2219(b) states, "The issuing officer or agency may deny, suspend or revoke and identification card or a license pursuant to this chapter for failure of the applicant to meet or continue to meet any of the requirements for eligibility therefore, or for any violation of this article or regulations in force pursuant to it. ..."

14.    Furthermore, 6 CMC § 2222(e)(f) states that no person shall, "Import, sell, transfer, give away, purchase, possess or use any handgun, automatic weapon or ammunition other than: (i) All .22 caliber rimfire cartridges and all regular .22 caliber rimfire cartridges. (ii) All .22 caliber centerfire cartridges and .22 caliber rifles. (iii) All .223 caliber centerfire cartridges and .223 caliber centerfire rifles. These require a special weapons identification card. (iv) All .410 gauge shotgun shells and .410 gauge shotguns. These firearms and ammunition are as defined by the Gun Data Book published by Harper and Row and the NRA Firearms Book published by the

National Rifle Association of America. This section is subject to law enforcement exemption

provided at 6 CMC § 2203(a). (f) Import, sell, transfer, give away, purchase, possess or use any

explosives, ammunition or other projectiles other than those in subsection (e) of this section. This

section is subject to the law enforcement exemption provided at 6 CMC § 2301(a)(4). ..."

15.     Also, 6 CMC § 2223 states, "All firearms, dangerous devices or ammunition unlawfully

possess, carried, used, shipped, transported or delivered into the Commonwealth are declared to

be inimical to public safety and are forfeited to the Commonwealth. When such forfeited articles

are taken from any person, they shall be surrendered to the Department of Public Safety."

16.     Additionally, 6 CMC § 2227 states, "Nothing in this article shall be deemed to prevent

any local government from further restricting, by local law or ordinance, the transfer, possession,

use or carriage of firearms, ammunition or dangerous devices. This chapter shall supersede all

district laws and municipal ordinances in conflict with this article."

17.     Moreover, 6 CMC § 2228 states, "The Department of Public Safety may issue, amend

and repeal regulations implementing this article in the manner which is or may be provided by

law, as may be required by the public interest, safety and welfare."

18.     Likewise, 6 CMC § 2229(a)(b)(c)(d)(e) states, "The fees for issuance and renewal of

annual licenses and identification cards as required by this article shall be as follows: (a) For the

identification card $25; (b) For the dealer's license, $300; (c) For the manufacturer's license,

$1000; (d) For a wholesaler's license, $1000; (e) For replacement of lost, destroyed, or defaced

identification card, $10. ..."

19.     Furthermore, 6 CMC § 2230(a)(b) states, "(a) Any person who, being a holder of a valid

identification card fails to comply with 6 CMC § 2206 shall be guilty of a misdemeanor, and

upon conviction thereof shall be fined not more than $100 or imprisoned not more than three

months, or both. (b) Any person who violates any other provision of this article or any regulation

issued pursuant thereto shall be guilty of a felony, and upon conviction thereof, may be fined not

more than $5000 or imprisoned not more than five years or both, and may be subject to

confiscation of any firearm, dangerous device, or ammunition without compensation, involved in

a violation of this article."

20.     Also, 6 CMC § 2301(3) states that it shall be unlawful for any person to knowingly enter

the Commonwealth with the intent to import, or attempt to cause another bring or import into the

Commonwealth, or conceal for the purpose of importation, any of the following items: "(3)

Firearms and ammunition other than those rifles listed below or shotguns of .410 gauge and with

normal factory produced stocks and barrels unless the importer is authorized by the Director of

the Department of Public Safety to import the same for law enforcement purposes. The following

are not contraband: (i) All .22 caliber rimfire cartridges and all regular .22 caliber rimfire

cartridges. (ii) All .22 caliber centerfire cartridges and .22 caliber rifles. (iii) All .223 caliber

centerfire cartridges and .223 caliber centerfire rifles. These require a special weapons

identification card. (iv) All .410 gauge shotgun shells and .410 gauge shotguns. Ammunition

other than regular long rifle .22 caliber rimfire cartridges or .410 gauge shotgun shells or

dangerous devices as described in this title unless the importer has been authorized to import and

possess the same by the Director of the Department of Public Safety or the Chief of the Customs

Service for law enforcement purposes...."

21.     Finally, 6 CMC § 2303 (b) states, "Only firearms and ammunition of the .22, .22

magnum, and .223 caliber as referenced in 6 CMC § 2222(e) will be returned to their former

lawful owners. No firearm shall be returned to the rightful owner unless that person has a firearm

identification card and has reimbursed the Commonwealth government the amount compensated

for surrendering the firearm to the Department of Public Safety."

## STATEMENT OF FACTS

22.     Plaintiff has been and continues to be under duress, violated, discriminated against, deprived, and fearful about the security of his person, family, property, and rights (Exhibit 12 and 20).

23.     The CNMI import ban on and prohibition of the possession of handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410 significantly limits the Plaintiff's ability to protect himself and his family from violent crime; and severely limits and/or denies the free exercise of his Second Amendment rights.

24.     On July 30, 2007, the Division of Customs Services, a division of the Department of Finance, confiscated firearms and ammunition and turned these items over to the Department of Public Safety (Exhibit 12).

25.     Two of the firearms a WASR 10/63 rifle and a Glock 19 pistol were sent to Guam for holding (Exhibit 13).

26.     The ammunition (2773 rounds of 7.62 mm Long Range M118, 161 rounds of 7.62 x 39, and one 9mm round) is still currently being held by the CNMI Department of Public Safety Firearms Section (Exhibit 12).

27.     On September 20th, 2007, after completing the necessary prerequisites to own and possess a firearm in the CNMI I was issued a "FIREARMS, AMMUNITION EXPLOSIVE I.D. CARD" (Exhibit 4).

28.     On March 30, 2011, a request to carry and possess the WASR 10/63 rifle was submitted and on April 12, 2012, it was denied (Exhibit 19).

29.     On May 5, 2011, a request to carry and possess a Glock 19 pistol was submitted along

with a letter notifying the DPS Commissioner of the *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S._, 130 S. Ct. 3020 (2010) US Supreme Court Cases rulings; it was denied (Exhibit 16 and 17).

30.   On June 13, 2011, a request to carry and possess a WASR 10/63 rifle was submitted (Exhibit 18) and on April 12, 2012, it was denied (Exhibit 19).

31.   On January 29, 2013, I submitted an "Applications For Weapons Identification Card" along with a notification of protest and duress regarding the enforcement of the CNMI Weapons Control Act (Exhibit 20); and on March 12, 2013, it was denied (Exhibit 21).

32.   On July 18, 2014, I submitted a demand letter to the CNMI Attorney General's Office demanding that items currently being held by the Department of Public Safety be turned over to me (Exhibit 22). No known response was returned.

33.   On November 7, 2014, I submitted a demand letter to the Attorney General's Office and the Department of Public Safety demanding that the following items: three American Tactical .22 rifles (Serial numbers: A562950, A562951, and A562952) and three Palmetto Arms AR-15 stripped lower receivers (Serial numbers: 121643, 121648, and 121652) be turned over to me (Exhibit 23). No known response was returned.

34.   Plaintiff has been denied the ability to legally import, own, and possess handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410 (Exhibits 12, 13, 14, 15, 16, 19, 21, 22, and 23).

### COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
#### (Paul Murphy)
#### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

35.     Paragraphs 1 through 34 are realleged and incorporated herein by reference.

36.     The ban on and possession thereof of handguns, firearms in calibers other than .22

and .410, and ammunition of bore diameters other than .22. and .410; on its face and as applied,

violates the Plaintiff's individual right to keep and bear arms for self-defense as secured by the

Second Amendment to the United States Constitution.

### COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
#### (Paul Murphy)
#### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

37.     Paragraphs 1-36 are realleged and incorporated herein by reference.

38.     The ban on the importation of handguns, firearms in calibers other than .22 and .410, and

ammunition of bore diameters other than .22 and .410 contained in 6 CMC § 2301(3)(4) on its

face and as applied, controverts the Plaintiff's right to keep and bear arms for self-defense as

secured by the Second Amendment to the United States Constitution.

### COUNT III – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
#### (Paul Murphy)
#### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

39.     Paragraphs 1-38 are realleged and incorporated herein by reference.

40.     The administration and enforcement of the provisions of the Weapons Control Act

violate, deprive, and discriminate against individuals who own and possess or seek to own and

possess firearms and ammunition for the purpose of self-defense.

### FOR ALL COUNTS

41.     Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42.     A controversy exists as to whether the restrictions on the acquisition, ownership, and

possession of firearms and ammunition imposed in 6 CMC §§ 2202 and 2204 are unconstitutional.

43.    A controversy exists as to whether the provisions for carrying a firearm and the discouragement of self-defense contained in 6 CMC § 2206 are unconstitutional.

44.    A controversy exists as to whether current application and licensing provisions and enforcement contained in 6 CMC § 2219(b) are unconstitutional.

45.    A controversy exists as to whether the ban on and possession thereof of handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410 contained in 6 CMC § 2222(e) are unconstitutional.

46.    A controversy exists as to whether the declaration contained in 6 CMC § 2223 that the possession of handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410 are inimical to public safety is unconstitutional.

47.    A controversy exists as to whether the ability of any local government to further restrict the transfer, possession, use or carriage of firearms, ammunition or dangerous devices contained in 6 CMC § 2227 is unconstitutional.

48.    A controversy exists as to whether the ability of the Department of Public Safety to issue, amend and repeal regulations implementing this article in the manner which is or may be provided by law, as may be required by the public interest, safety and welfare; contained in 6 CMC § 2228 is unconstitutional.

49.    A controversy exists as to whether the current application of the fees for the issuance and renewal of annual licenses and identification cards contained in 6 CMC § 2229(a)(b)(c)(d)(e) are unconstitutional.

50.    A controversy exists as to whether the ban on the importation of handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410 contained in

6 CMC § 2301(3) is unconstitutional.

51.     A controversy exists as to whether the provision for reimbursement to the

Commonwealth government the amount compensated for surrendering the firearm to the

Department of Public Safety contained in 6 CMC § 2303(b) is unconstitutional.

52.     A declaration from this Court would settle these issues.

53.     A declaration would also serve a useful purpose in clarifying legal issues in dispute.

54.     The Plaintiff seeks a declaration that the handgun, firearms in calibers other than .22

and .410, and ammunition of bore diameters other than .22. and .410 prohibition contained in 6

CMC § 2222 (e) are unconstitutional.

55.     The Plaintiff seeks a declaration that the possession of any firearm, dangerous device, or

ammunition predicated upon the possession of a Weapons Identification Card contained in 6

CMC § 2204 as they are currently administered are unconstitutional.

56.     The Plaintiff seeks a declaration that the restrictions upon carrying and possessing a

firearm contained in 6 CMC §§ 2205 and 2206 are unconstitutional.

57.     The Plaintiff seeks a declaration that the current application and licensing provisions and

enforcement contained in 6 CMC § 2219(b) are unconstitutional.

58.     The Plaintiff seeks a declaration that the ban on the importation of handguns, firearms in

calibers other than .22 and .410, and ammunition of bore diameters other than .22 and .410

contained in 6 CMC § 2301 is unconstitutional.

59.     The Plaintiff seeks an injunction on the authority of Secretary of Finance Larissa Larson

to enforce the provisions contained in 6 CMC § 2301(3)(4).

60.     The Plaintiff seeks a declaration that the power of any local government to further restrict

the transfer, possession, use or carriage of firearms, ammunition or dangerous devices by local

law or ordinance contained in 6 CMC § 2227 are unconstitutional.

61.    The Plaintiff seeks a declaration that the authority of The Department of Public Safety to issue, amend, repeal regulations implementing this article in the manner which is or may be provided by law, as may be required by the public interest, safety and welfare contained in 6 CMC § 2228 is unconstitutional.

62.    The Plaintiff seeks a permanent injunction on the Department of Public Safety Commissioner from enforcing provisions contained in 6 CMC § 2228.

63.    The Plaintiff seeks a declaration that "The fees for issuance and renewal of annual licenses and identification cards as required by this article", contained in 6 CMC § 2229 are unconstitutional.

64.    The Plaintiff seeks a declaration that the ban on the importation of handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410 contained in 6 CMC § 2301(3) is unconstitutional.

65.    The Plaintiff seeks a declaration that the provision for reimbursement to the Commonwealth government the amount compensated for surrendering the firearm to the Department of Public Safety contained in 6 CMC § 2303(b) is unconstitutional.


        WHEREFORE, Plaintiff prays that this Honorable Court:

1.    Issue preliminary and permanent injunctions enjoining Defendant DPS Commissioner James C. Deleon Guerrero from enforcing against the Plaintiff: (a) the prohibitions on virtually all CNMI US Citizens and Nationals from obtaining handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410, (b) the prohibition on obtaining a firearm for self-defense purposes, (c) the good cause requirement for obtaining a

firearm; and (d) the application and licensing fees necessary to own, possess, and maintain possession of firearms and ammunition for self-defense purposes.

2.      Issue preliminary and permanent injunctions enjoining Defendant Secretary of Finance Larissa Larson from authorizing and enforcing against the Plaintiff: (a) the withholding of his prohibited items currently being held in DPS custody, (b) the ban on the importation of personal firearms currently being held in Guam, and (c) any further provisions in 6 CMC § 2301-2303 which controverts the constitutionally protected rights of individuals to keep and bear arms by denying them the ability to obtain and utilize these arms.

3.      Enter a declaratory judgment that (a) the prohibition on virtually all CNMI US Citizens and Nationals from owning and possessing handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22. and .410 are null and void because they restrict and infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

4.      Enter a declaratory judgment that (a) the possession of any firearm, dangerous device, or ammunition predicated upon the application for, fees paid, and presentation of a Weapons Identification Card are null and void because they restrict, infringe, and controvert the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

5.      Enter a declaratory judgment that the firearms carry restrictions: (a) no person may carry a firearm unless the person has in his or her immediate possession a valid identification card, (b) and is carrying the firearm unloaded in a closed case or other securely wrapped or closed package or container, or locked in the trunk of a vehicle while en route to or from a target range, or area where the person hunts, or takes part in other sports involving firearms, or (c) carries the

firearm in plain sight on his or her person while actively engaged in hunting or sports involving the use of firearms; are null and void because they restrict, infringe, and controvert the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

6. Enter a declaratory judgment that the (a) ban on the importation of handguns, firearms in calibers other than .22 and .410, and ammunition of bore diameters other than .22 and .410; are null and void because they restrict, infringe, and controvert the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

7. Enter a declaratory judgment that (a) the power of any local government to further restrict the transfer, possession, use or carriage of firearms, ammunition or dangerous devices by local law or ordinance contained in 6 CMC § 2227 are null and void because it restricts, infringes upon, and controverts the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

8. Award the Plaintiff legal fees and costs pursuant to 42 U.S.C. § 1988.

9. Issue preemption regarding laws, statutes, ordinances, policies, and the like making it harder to exercise one's Second Amendment rights and infringing upon the right of the people to obtain firearms, ammunition, and associated items relating to the free exercise of one's Second Amendment rights.

10. Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated: July 29, 2015                    Respectfully submitted,

                                        By: /s/ Paul Murphy

                                        Paul Murphy
                                        Plaintiff in Pro Persona

                                        Paul M. Murphy
                                        8232 SVRB
                                        Saipan, MP. 96950
                                        Tel. 1-670-484-6136
                                        paul.murphy.officialmail@gmail.com