1

2

3

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN MARIANA
ISLANDS

4   Paul M. Murphy,
    Plaintiff,

5   v

6

7   ROBERT A. GUERRERO, in his official
    capacity as Commissioner of the Department of
8   Public Safety of the COMMONWEALTH OF
    THE NORTHERN MARIANA ISLANDS
9   (CNMI),

10  LARISSA LARSON, in her official capacity as
    the Secretary of the Department of Finance of
11  the COMMONWEALTH OF THE
12  NORTHERN MARIANA ISLANDS (CNMI),

13

·14 Defendants,

Case No.: CV 14-0026



FILED
Clerk
District Court

APR 29 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

15  **FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE**
16  **RELIEF**

17      Plaintiff, Paul Murphy, Pro Se, for his Complaint against Defendant ROBERT A.

18  GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the

19
20  Commonwealth of the Northern Mariana Islands (CNMI); and against LARISSA LARSON, in

21  her official capacity as Department of Finance Secretary of the CNMI; allege as follows:

22                          **INTRODUCTION**

23  1.      This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under

24  color of law, which seeks equitable, declaratory, and injunctive relief challenging the CNMI's

25
.   firearms storage requirements found in the CNMI SAFE Act Ch. 2 § 204(a)(1) and § 206(b)(c);
26

27  the restrictions found in § 207(b); the firearms ban found in § 208(5)(6)(7); the restrictions found

28

1

Section 14. A. 4 CMC § 1402(h); and the licensing and registration schemes found in the CNMI

SAFE Act § 207(a)(2) and the CNMI Weapons Control Act 6 CMC Ch.2 Article 1 §§ 2204(a)

and 2205(a).

2.      The Second Amendment, "The right of the people to keep and bear arms shall not be

infringed..."; "[P]rotects an individual right to possess a firearm unconnected with service in a

militia, and to use that arm for traditional purposes, such as self-defense within the home."

*District of Columbia v. Heller*, 554 U.S., (2008); and this "right is fully applicable to the states";

and "is a privilege of American Citizenship recognized by § 1 of the Fourteenth Amendment".

*McDonald v. City of Chicago*, 561U.S. (2010).

3.      In, 1975, the United States and the CNMI entered into the Covenant to Establish a

Commonwealth of the Northern Marianas Islands in Political Union with The United States of

America ("Covenant") that the CNMI would have Commonwealth status, which was signed into

law by the U.S. Congress in 1976 and fully implemented in November, 1986.

4.      Pursuant to Section 501(a) of the Covenant, in reference to Section 1 of the Fourteenth

Amendment to the United States Constitution the Second Amendment is applicable to the CNMI.

## JURISDICTION AND VENUE

5.      Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the

Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action

seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations,

customs, and usages of the CNMI of rights, privileges or immunities secured by the United

States Constitution and by Acts of Congress. This action satisfies the threshold requirement

imposed by Article III of the Constitution alleging an actual case or controversy.

2

6.     This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## PLAINTIFF

7.     Plaintiff, Paul Murphy is a resident of Saipan, CNMI; and is a U.S. national (Exhibit 2) and a U.S. citizen (Exhibit 3). He was issued a Georgia Firearms License (State Concealed Carry Permit Card) (Exhibit 6). He is a United States Army veteran who served in the Global War on Terror and was honorably discharged (Exhibit 7). He also was issued a number of CNMI FIREARMS, AMMUNITION EXPLOSIVE I.D. CARDs (Exhibits 4 and 5). He is eligible as a right and under both Federal and CNMI law to obtain, own, and possess firearms and ammunition.

## DEFENDANTS

8.     Defendant, Robert A. Guerrero, in his official capacity as Commissioner of the Department of Public Safety of the CNMI, is responsible for enforcing the CNMI's laws, customs, practices, and policies. In that capacity, Commissioner Guerrero presently enforces laws, customs, practices, and policies complained of in this action, and is sued in his official capacity. Specifically, Commissioner Guerrero is the authority charged with enforcing the CNMI SAFE Act firearms and ammunition storage requirements Ch. 2 § 204(a)(1) and § 206(b)(c); restrictions found in § 207(b); and firearms ban found in § 208(5)(6)(7), and firearms and ammunition licensing and registration requirements found in the CNMI SAFE Act § 207(a)(2) and CNMI Weapons Control Act, 6 CMC Ch.2 Article 1 §§ 2204(a) and 2205(a).

9.     Defendant, Larissa Larson, in her official capacity as Secretary of the Department of

3

Finance of the CNMI, is responsible for the practices and policies of the Customs Service which enforces provisions of the CNMI Weapons Control Act. In that capacity, Secretary Larson, presently enforces laws, customs, practices, and policies complained of in this action, and is sued in her official capacity. Specifically, Secretary Larson is the authority charged with the primary responsibility of enforcing the provisions of the CNMI SAFE Act Section 13. Amendment. 4 CMC § 1407(b) lines 8-11 "However … Card." and "Section 14. A. 4 CMC § 1402 (h).

## STATUTORY BACKGROUND

10.     In the CNMI, there exists the CNMI SAFE Act (PL 19-42). Section 6, Ch.2 § 204(a)(1) of the Act states, "No person shall keep a firearm within a residence owned or controlled by that person unless: (1) the firearm is stored in a locked container or disabled with a trigger lock;".

11.     Further, § 206(b)(c) states, "(b)(1) If the transportation of the firearm is by a vehicle, the firearm shall be unloaded, and neither the firearm nor any ammunition being transported shall be readily accessible or directly accessible from the passenger compartment of the transporting vehicle. (2) If the transporting vehicle does not have a compartment separate from the passenger compartment, the firearm or ammunition shall be contained in a locked container other that the glove compartment or console, and the firearm shall be unloaded. (c) If the transportation of the firearm is in a manner other than in a vehicle, the firearm shall be: (1) Unloaded; (2) Inside a locked container; and (3) Separate from any ammunition."

12.     Also, § 207 (a)(2) states, "He or she is the holder of the valid registration certificate for a firearm of the same gauge or caliber as the ammunition he possesses; except, that no such person shall possess one or more restricted bullets;".

13.     Additionally, § 207 (b) states, "No person in the Commonwealth shall possess, sell, or

transfer any large capacity ammunition feeding device regardless of whether the device is attached to a firearm. For the purposes of this subsection, the term "large capacity ammunition feeding device" means magazine, belt, drum, feed strip, or similar device that has a capacity of, or that can be readily restored or converted to accept, more than 10 rounds of ammunition. The term "large capacity ammunition feeding device" shall not include an attached tubular device designed to accept, and capable of operating only with, .22 caliber rimfire ammunition."

14.     Furthermore, §§ 208(a)(5)(6)(7) states, "(a) No person shall possess: … (5) An assault weapon; (6) A rifle other than a .22 caliber rimfire, .22 caliber center-fire and .223 caliber center-fire: (7) A shotgun other than a .410 gauge."

15.     Also, Section 13. Amended. 4 CMC § 1407(b) lines 8-11 states, "However, firearms may not be released until complete payment of all taxes due and owing is made, and upon showing that the firearm has been properly registered and that the owner has a valid Weapons Identification Card or Firearms Identification Card."

16.     Additionally, Section 14 A. 4 CMC § 1402(h) states, "(h) Pistols. $1000.00 per pistol. Pistol shall have the same meaning as set forth in Title 6, Division 10 of the Commonwealth Code. The exemption for Non-Business Use, § 1402(d) shall not apply to the excise tax imposed on pistols. This provision shall automatically expire one year after the effective date of this law."

17.     Likewise, 6 CMC Ch.2 Article 1 §§ 2204(a) and 2205(a) state as follows: § 2204(a), "No person may acquire or possess any firearm, dangerous device or ammunition unless the person holds an identification card issued pursuant to this article. The identification card is evidence of the holder's eligibility to possess and use or carry firearms, dangerous devices, or ammunition." § 2205(a), "No person may purchase, possess or use a firearm, dangerous device, or ammunition unless he is the holder of an identification card issued pursuant to this article evidencing the

5

eligibility of such person to purchase, possess and use a firearm, dangerous device, or ammunition…"

## STATEMENT OF FACTS

18.     Plaintiff has been and continues to be under duress, violated, discriminated against, deprived, and fearful about the security of his person, family, property, and rights (Exhibit 13 and 21).

19.     The CNMI firearms and ammunition storage restrictions, criminalization of and ban on ammunition feeding devices of more than ten rounds; a ban on rifles in calibers other .22 caliber rimfire, .22 caliber center-fire, .223 caliber center-fire, and shotguns other than .410 gauge defined as "assault weapon[s]", firearms tax special-requirements, the pistol excise tax requirement of $1000.00 per pistol, and firearms and ammunition registration and licensing requirements infringes and/or bans the Plaintiff's ability to protect himself and his family from violent crime; and infringes and/or denies the free exercise of his Second Amendment rights (Exhibits 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24).

20.     On July 30, 2007, the Division of Customs Services, a division of the Department of Finance, confiscated firearms and ammunition and turned these items over to the Department of Public Safety (Exhibit 13).

21.     Two of the firearms a WASR 10/63 rifle and a Glock 19 pistol were sent to Guam for holding (Exhibit 14).

22.     The ammunition (2773 rounds of 7.62 mm Long Range M118, 161 rounds of 7.62 x 39, and one 9mm round) is still currently being held by the CNMI Department of Public Safety Firearms Section (Exhibit 13).

6

23. On September 20th, 2007, after completing the necessary prerequisites to own and possess a firearm in the CNMI I was issued a "FIREARMS, AMMUNITION EXPLOSIVE I.D. CARD" (Exhibit 4).

24. On March 30, 2011, a request to carry and possess the WASR 10/63 rifle was submitted and on April 12, 2012, it was denied (Exhibit 19).

25. On May 5, 2011, a request to carry and possess a Glock 19 pistol was submitted along with a letter notifying the DPS Commissioner of the *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S._, 130 S. Ct. 3020 (2010) US Supreme Court Cases rulings; it was denied (Exhibit 17 and 18).

26. On June 13, 2011, a request to carry and possess a WASR 10/63 rifle was submitted (Exhibit 19) and on April 12, 2012, it was denied (Exhibit 20).

27. On January 29, 2013, I submitted an "Applications For Weapons Identification Card" along with a notification of protest and duress regarding the enforcement of the CNMI Weapons Control Act (Exhibit 21); and on March 12, 2013, it was denied (Exhibit 22).

28. On July 18, 2014, I submitted a demand letter to the CNMI Attorney General's Office demanding that items currently being held by the Department of Public Safety be turned over to me (Exhibit 23). No known response was returned.

29. On November 7, 2014, I submitted a demand letter to the Attorney General's Office and the Department of Public Safety demanding that the following items: three American Tactical .22 rifles (Serial numbers: A562950, A562951, and A562952) and three Palmetto Arms AR-15 stripped lower receivers (Serial numbers: 121643, 121648, and 121652) be turned over to me (Exhibit 23). No known response was returned.

30. Plaintiff has been denied the ability to legally import and possess his pistol and/or pistols;

firearms in calibers other than .22, .223, and .410, and ammunition of bore diameters other than .22, .223, and .410 (Exhibits 13, 14, 15, 16, 17, 20, 22, 23, 24). The CNMI firearms and ammunition storage requirements, criminalization of and ban on ammunition feeding devices of more than ten rounds; a ban on rifles in calibers other .22 caliber rimfire, .22 caliber center-fire, .223 caliber center-fire, and shotguns other than .410 gauge defined as "assault weapon[s]", firearms tax special-requirements, the pistol excise tax requirement of $1000.00 per pistol, and firearms and ammunition registration and licensing requirements infringes and/or bans the Plaintiff's ability to protect himself and his family from violent crime; and infringes and/or denies the free exercise of his Second Amendment rights (Exhibits 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24).

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### (Paul Murphy)
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

31.    Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.    The CNMI firearms and ammunition storage requirements on its face and as applied, violates the Plaintiff's individual right to keep and bear arms for self-defense and for lawful purposes as secured by the Second Amendment to the United States Constitution.

## COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### (Paul Murphy)
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

33.    Paragraphs 1-32 are realleged and incorporated herein by reference.

34.    The criminalization of and ban on ammunition feeding devices of more than ten rounds on its face and as applied, controverts the Plaintiff's right to keep and bear arms for self-defense

and for lawful purposes as secured by the Second Amendment to the United States Constitution.

## COUNT III – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### (Paul Murphy)
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

35.   Paragraphs 1-34 are realleged and incorporated herein by reference.

36.   The ban on rifles in calibers other .22 caliber rimfire, .22 caliber center-fire, .223 caliber center-fire, and shotguns other than .410 gauge defined as "assault weapon[s]" on its face and as applied violates the Plaintiff's individual right to keep and bear arms for self-defense and lawful purposes as secured by the Second Amendment to the United States Constitution.

## COUNT VI – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### (Paul Murphy)
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

37.   Paragraphs 1-36 are realleged and incorporated herein by reference.

38.   The firearms tax special-requirements and the pistol excise tax requirement of $1000.00 per pistol on its face and as applied violates the Plaintiff's individual to right to keep and bear arms for self-defense and for lawful purposes as secured by the Second Amendment to the United States Constitution.

## COUNT VI – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### (Paul Murphy)
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

39.   Paragraphs 1-38 are realleged and incorporated herein by reference.

40.   The firearms and ammunition registration and licensing requirements on its face and as applied violates the Plaintiff's individual right to keep and bear arms for self-defense and lawful purposes as secured by the Second Amendment to the United States Constitution.

9

## FOR ALL COUNTS

41.     Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42.     A controversy exists as to whether the CNMI SAFE Act (PL 19-42) Section 6, Ch.2 §

204(a)(1) and § 206(b)(c) firearms and ammunition storage restrictions are unconstitutional.

43.     A controversy exists as to whether the CNMI SAFE Act (PL 14-92) Ch.2 § 207(b)

criminalization of and restrictions on ammunition feeding devices of more than ten rounds on its

face and as applied are unconstitutional.

44.     A controversy exists as to whether the CNMI SAFE Act (PL 19-42) Ch. 2 §§

208(a)(5)(6)(7) firearms restrictions on calibers other than .22 caliber rimfire, .22 caliber center-

fire, .223 caliber center-fire, and shotguns other than those in .410 gauge defined as "assault

weapon[s]" are unconstitutional.

45.     A controversy exists as to whether the CNMI SAFE Act (PL 19-42) Section 13.

Amended. 4 CMC § 1407(b) lines 8-11 and Section 14 A. 4 CMC § 1402(h) tax schemes are

unconstitutional.

46.     A controversy exists as to whether the CNMI SAFE Act § 207(a)(2) and the CNMI

Weapons Control Act 6 CMC Ch.2 Article 1 §§ 2204(a) and 2205(a) licensing and registration

schemes are unconstitutional.

47.     A declaration from this Court would settle these issues.

48.     A declaration would also serve a useful purpose in clarifying legal issues in dispute.


        WHEREFORE, Plaintiff prays that this Honorable Court:

1.      Issue preliminary and permanent injunctions enjoining Defendant DPS Commissioner

Robert A. Guerrero from enforcing against the Plaintiff: (a) the firearms and ammunition storage

restrictions, (b) the prohibition on obtaining, owning, and possessing ammunition feeding

devices of more than ten rounds, (c) the ban on firearms in calibers other than .22 caliber rimfire,

.22 caliber center fire, .223 caliber center-fire, and shotguns other than those in .410 gauge

defined as "assault weapon[s]", and (d) the firearms and ammunition licensing and registration

schemes.

2.      Issue preliminary and permanent injunctions enjoining Defendant Secretary of Finance

Larissa Larson from authorizing and enforcing against the Plaintiff: (a) the withholding of his

prohibited items currently being held in DPS custody, (b) the ban on the importation of personal

firearms currently being held in Guam, and (c) any further provisions in the CNMI SAFE Act

(PL 19-42) Section 13. Amended. 4 CMC § 1407(b) lines 8-11 and Section 14 A. 4 CMC §

1402(h).

3.      Enter a declaratory judgment that (a) the firearms and ammunition storage restrictions,

(b) criminalization of and restriction on ammunition feeding devices of more than ten rounds, (c)

ban on firearms in calibers other than .22 caliber rimfire, .22 caliber center-fire, .223 caliber

center-fire, and shotguns other than those in .410 gauge defined as "assault weapon[s]", (d) the

firearms and ammunition taxation schemes, and (e) the firearms and ammunition licensing and

registrations schemes; as applicable here in the CNMI and to virtually all law abiding CNMI-US

Citizens and Nationals, are unconstitutional.

4.      Award the Plaintiff legal fees and costs pursuant to 42 U.S.C. § 1988.

5.      Grant such other and further relief, in law and equity, as the Court deems just and proper.

11

Dated: April 28, 2016

Respectfully submitted,

By: /s/ Paul Murphy

Paul Murphy
Plaintiff in Pro Persona

Paul M. Murphy
8232 SVRB
Saipan, MP. 96950
Tel. 1-670-484-6136
paul.murphy.officialmail@gmail.com

12