OFFICE OF THE ATTORNEY GENERAL
Edward Manibusan
Attorney General
Charles E. Brasington
Assistant Attorney General
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 237-7500
Fax: (670) 664-2349
e-mail: charles.brasington.law@gmail.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PAUL MURPHY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT A. GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands, and LARISSA LARSON, in her official capacity as Secretary of the Department of Finance of the Commonwealth of the Northern Mariana Islands,<br><br>　　　　　Defendants. | Civil Action No. 14-0026<br><br>**STIPULATION TO SUBMIT THE CALIBER RESTRICTION ISSUE ON THE PREVIOUSLY FILED BRIEFS** |

　　　NOW INTO COURT, comes now Defendant Robert A. Guerrero, in his official capacity as Commissioner of the Department of Public Safety for the Commonwealth of the Northern Mariana Islands, and Larrisa Larson, in her official capacity as Secretary of the Department of Finance for the Commonwealth of the Northern Mariana Islands (collectively "the Commonwealth"), by and through counsel, Charles E. Brasington, and Plaintiff Paul Murphy, pro se, and stipulate to submitting the issue of the caliber restriction on the briefs filed in this case, aside from any minor supplemental arguments based on the testimony of Officer Hosono. As grounds therefore the parties would show the following:

1. The Parties submitted Motions for Summary Judgment previously in this case.

2. These motions for summary judgment dealt to a great extent with the Commonwealth's caliber restriction;

3. After oral argument, but before a decision could be issued, this Court issued its decision in *Radich v. Deleon Guerrero* finding the Commonwealth's handgun ban unconstitutional.

4. Shortly after the *Radich* decision was issued, the Office of the Attorney General submitted a proposed Special Act for Firearms Enforcement ("SAFE").

5. Enacted as Public Law 19-42, SAFE retained the caliber restrictions, though the citation changed to 6 CMC § 10208(6).

6. The change in citation has not greatly affected the Parties arguments, but new provisions of SAFE have come into issue in this case, all requiring individual analysis.

7. Repeating the arguments as to caliber would be unnecessarily duplicative and would not be an efficient allocation of resources for the Parties or the Court.

8. Submitting the caliber restriction issue on the previously filed briefs, aside from minor supplemental arguments will be a more efficient allocation of resources.

9. The Parties will still be prepared to address the caliber issue at oral argument.

Submitted this 29th of July, 2016.

| | |
|---|---|
| _/s/ Paul Murphy_ | _/s/ Charles E. Brasington_ |
| Paul Murphy | Charles Brasington |
| Pro Se | Assistant Attorney General |
| | Attorney for Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been electronically filed this 29th day of June, 2016. Further, I certify that a true and correct copy of the foregoing motion was served by electronic mail at Paul.murphy.officialmail@gmail.com.

/s/  *Charles E. Brasington*
Charles E. Brasington
Assistant Attorney General
Office of the Attorney General