F I L E D
Clerk
District Court

FEB 01 2017

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| PAUL MURPHY,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT A. GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands, and LARISSA LARSON, in her official capacity as Secretary of the Department of Finance of the Commonwealth of the Northern Mariana Islands,<br><br>        Defendants. | Case No.: 14-cv-0026<br><br><br>**ORDER AWARDING**<br>**COSTS TO PLAINTIFF** |

## I.   INTRODUCTION

Following this Court's decision and order granting in part and denying in part cross-motions for summary judgment (ECF No. 109), Plaintiff Paul Murphy ("Murphy") filed his bill of costs on October 18, 2016. (ECF No. 112.) The request is for $1,886.46 to cover fees of the Clerk, fees for service of summons and subpoena, printing, and other costs. Defendants Robert Guerrero and Larissa Larson ("Defendants") filed their response on October 25, 2016. (Response, ECF No. 113.) Having carefully considered all the papers, the Court awards Plaintiff some of his claimed costs.

//

/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   STANDARD

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d). *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987). Under Section 1920, a federal court has discretionary authority to tax as costs any of the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The permissive phrasing of Rule 54(d) also grants a federal court discretionary authority to refuse to tax costs in the prevailing party's favor. *Crawford*, 482 U.S. at 442. The discretion of a federal court, however, is not unlimited. The Ninth Circuit has explained that "[a] district court must 'specify reasons' for its refusal to award costs." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). On appeal, the Ninth Circuit determines "whether the reasons that the district court has specified are appropriate and whether, considering those reasons, the court abused its discretion in denying costs." *Id.* Because Rule 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case, the district court's denial of costs requires "that the

court explain why a case is not 'ordinary' and why, in the circumstances, it would be

inappropriate or inequitable to award costs." *Id*. at 593.

### III.   DISCUSSION

#### A.     Fees of the Clerk, and Fees and Disbursements for Printing

In his Bill of Costs, Murphy lists $400.00 for "fees of the Clerk" and $20.00 for "fees and

disbursements for printing." In support of these costs, Murphy has submitted a receipt for his

civil filing fee and a receipt for his record search with the Court. (ECF No. 112-1 at 16.) the The

record search receipt indicates that Murphy paid $30.00 not $20.00. Defendants do not oppose

these costs. (*See* Resp. to Pl's Bill of Costs, ECF No. 113 at 1.) Based on the foregoing, the

Court awards Murphy $430.00 for fees of the Clerk, and fees and disbursements for printing.

#### B.     Fees for service of summons

Murphy lists $420.00 for "fees for service of summons and subpoena." Murphy has failed

to submit any receipts regarding service of the summons and the complaint. Defendants argue

that they should not be required to pay for Murphy's duplicative services of the summons and

complaint due to insufficient service of process under Fed. R. Civ. P. 4(c)(2). (ECF No. 113 at

5.) Defendants propose compensating Murphy $50.00 for the two services of summons and

complaints that were procedurally proper at the standard rate of $25.00 per person. (ECF No. 113

at 2.)

Murphy is a pro se, non-attorney litigant who is afforded appropriate leeway to navigate

through the legal system. *See Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th

Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe

pleadings liberally and must afford plaintiff the benefit of any doubt"); *Zichko v. Idaho,* 247 F.3d

1015, 1020 (9th Cir. 2001) (acknowledging that we must construe pro se prisoner motions and

pleadings liberally). An overview of the court docket reveals that Murphy improperly served the

Defendants in violation of Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and

not a party may serve a summons and complaint."). Murphy was first put on notice of

insufficient service of process through Defendants' second motion to dismiss. (ECF No. 10.)

While Defendants' motion pointed out Murphy's procedural errors, it was the subsequent court

order dismissing the first amended complaint and granting leave to amend that explained *how*

Murphy could cure any deficiencies in filing his second amended complaint. (ECF No. 11.) It is

understandable that pro se plaintiffs may be more susceptible to mistakes while navigating the

legal system and the Court gives Murphy the benefit of the doubt that he did not intentionally

engage in improper service of process. However, any deficient service of process following the

Court order cannot be taxed as costs under Section 1920.

Here, a total of sixteen summons were served: Murphy served five summons (ECF Nos.

2-4, 13-14), Michael B. Murphy served two summons (ECF Nos. 16-17), and Nadia Murphy

served nine summons. (ECF Nos. 23-25, 29-31, 34-36.) The three summons served by Murphy

after filing the first complaint (ECF Nos. 2-4) were procedurally improper but occurred before

the Court order explaining proper service of process. (ECF No. 11.) The two summons served by

Murphy after the second amended complaint (ECF Nos. 13-14) were still procedurally improper

*and* occurred after the Court order. Since Murphy did not incur any fees for service of process by

improperly serving the summons and initial complaint himself, the Court will not tax as costs

any of the summons served by him on Defendants.

The two summons served by Michael B. Murphy (ECF Nos. 16-17,) which remedied

Murphy's errors by having a non-party serve process on the Defendants, were both procedurally

proper. Although the server lists costs for both summons as $0.00, the Court recognizes Michael

B. Murphy's time and effort in serving the Defendants. The Court will tax as costs service for the two summons at the standard rate of $25.00 per person.

Lastly, since the Court acknowledged in its order denying the second motion to dismiss that service had been perfected through Michael Murphy (*see* ECF No. 18,) the nine summons subsequently served by Nadia Murphy (ECF Nos. 23-25, 29-31, 34-36) were not required and cannot be taxed as costs. The Court stated in its order that Rule 4's service requirement "applies to all original complaints, and to amended complaints that add new parties or additional claims when the party to the original complaint has not made an appearance in court." (ECF No. 11 at 3); Fed. R. Civ. P. 5(b)(2)(E) (allowing subsequent service to be made by electronic means); Local Rule 5.1a & Appendix A ("Administrative Procedures for Electronic Filing and Electronic Service"). Here, Nadia Murphy served process on the Defendants four days after Defendants had already made an appearance in court (*see* Minute Entry, ECF No. 20) and were already receiving notice of electronic filings. In sum, the Court will grant Murphy $50.00 (2 summons x $25.00) for fees for summons.

### C.    Other costs

Murphy lists $1,046.46 for "other costs." These other costs include the following: $594.56 for lost annual leave time from his work for case-related issues and hearings, $201.50 for fees related to firearm applications, and $250.00 for a flight to Guam to place the firearms in Guam DPS Armory. (See ECF Nos. 112-1 at 1; 112-1 at 7, 13-14, 16; 112-1 at 2-5; and 112-1 at 15.) Defendants argue that the Court cannot grant any of these "other costs" because they fall outside of the six categories listed in Section 1920. (Response at 5.)

Section 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.,* 482 U.S. at 441-442. The

discretion granted by Rule 54(d) is "solely a power to decline to tax, as costs, the items

enumerated in § 1920." *Id*. at 442. "[A]bsent explicit statutory or contractual authorization for

the taxation of the expenses [not listed in § 1920], federal courts are bound by the limitations set

out in 28 U.S.C. § 1821 and § 1920." *Id*. at 445. "Although 'costs' has an everyday meaning

synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and

represents those expenses, including, for example, court fees, that a court will assess against a

litigant." 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2666, 202-203

(3d ed. 1998). "Costs almost always amount to less than the successful litigant's total expenses

in connection with a lawsuit." *Id*. at 203.

None of the three items identified as "other costs" fall within any of the six categories

listed in Section 1920. First, Murphy claims costs for lost annual leave time. This expense could

arguably be an item of taxable costs identified as "salaries" in 28 U.S.C. §1920(6)

("Compensation of court appointed experts, compensation of interpreters, and *salaries*, fees,

expenses, and costs of special interpretation services under section 1828 of this title") (emphasis

added). The term "salaries," however, does not refer to salaries in general. Rather, it refers to the

salaries of special interpretation services. This reading is supported by the legislative history

behind Section 1920 wherein Congress added subsection (6) "to provide more effectively for the

use of interpreters in courts of the United States." *See* Pub. L. No. 95-539, 92 Stat. 2040 (1978).

This reading is also supported by the inclusion of "salaries" in a category that specifically

discusses payment for court appointed experts, interpreters, and special interpretation services.

*See also Mota v. Univ. of Texas Houston Health Science Ctr.,* 261 F.3d 512, 528 (5th Cir. 2001)

(describing Section 1920(6) as "compensation of court-appointed experts, interpreters, and

special interpretation services."). Furthermore, the district court in *Adams v. Wolff*, 110 F.R.D.

291, 293 (D.Nev. 1986) held that the $556.32 in salary and $77.88 in fringe benefits sought as costs by defendants to cover the compensation for correctional officers who were assigned to maintain security at the trial "are not normally allowable (*see* 28 U.S.C. § 1920) and are not taxable in this action." Accordingly, the Court will not award Murphy costs for lost annual leave time.

Murphy also claimed costs for his firearm applications and roundtrip flight to Guam to place his firearms in Guam DPS Armory. Applications of any sort and travel expenses do not fall within any of the six categories in Section 1920. Thererfore, the Court denies these costs as well.

## IV.    CONCLUSION

For the reasons stated above, the Court awards Murphy costs in the total amount of $480.00 pursuant to Rule 54(d)(1) for clerk's fees ($430) and service fees ($50). It is ordered that the judgment be amended, pursuant to Fed. R. Civ. P. 58(a), to include said costs as stated herein.

SO ORDERED this 1st day of February, 2017.

RAMONA V. MANGLONA
Chief Judge