F I L E D
Clerk
District Court
APR 01 2020
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PAUL MURPHY, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT A. GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands, and LARISSA LARSON, in her official capacity as Secretary of the Department of Finance of the Commonwealth of the Northern Mariana Islands, <br><br> Defendants. | Case No.: 14-cv-00026 <br><br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT OF COURT AND MOTION IN LIMINE** |

Before this Court are Plaintiff Paul Murphy's Motion for Contempt of Court (ECF No. 117, Motion) and Motion in Limine to Admit Evidence (ECF No. 118). Defendants[1] filed an opposition to the motion for contempt and a notice of non-opposition to the motion in limine (ECF No. 121, Opposition) to which Murphy filed an untimely reply (ECF No. 124, Reply). Because Murphy is proceeding pro se, the Court nevertheless considers his reply arguments. The Court, however,

---

[1] Plaintiff moves only to hold Defendant Robert Guerrero in contempt of court. For convenience, the Court will refer to Defendants collectively as the Commonwealth of the Northern Mariana Islands ("Commonwealth").

DENIES his motion in limine as procedurally unnecessary[2] but has reviewed the evidence submitted by the Plaintiff for the purposes of deciding his motion for contempt. Pursuant to Local Rule 7.1(a)(2), the Court exercises its discretion to decide the motion without oral argument. Accordingly, the motion hearing set for April 3, 2020 at 10:00 a.m. is hereby VACATED. Having considered the arguments in the parties' briefs, the Court DENIES the Motion for Contempt for the reasons stated below.

## I.  BACKGROUND

In 2014, Murphy filed this lawsuit pro se challenging the Commonwealth's gun control laws, as enacted in the Weapons Control Act and amended by the Special Act for Firearms Enforcement, Public Law No. 19-42, ("SAFE I"), as violating his Second Amendment right to keep and bear arms. On September 28, 2016, after two years of litigation, this Court held that some provisions of Commonwealth law unconstitutionally violated the Second and Fourteenth Amendments.[3] (Decision and Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment at 54–55, ECF No. 109) (henceforth, "Order"). Relevant to the present motion, the Court held that the firearm registration requirements in the Commonwealth Code found at 6 CMC § 2204 and the last sentence of 4 CMC § 1407(b) did not pass constitutional muster. (*Id.* at 55.) The Court permanently enjoined

---

[2] Motion in limine "refer[s] to any motion, whether made before or doing trial, to exclude anticipated prejudicial evidence before the evidence is actually offered [at trial]." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Supporting documents, including exhibits, may be offered in support of a motion without prior court approval. *See* LR 7.1(b).

[3] The Second Amendment applies in the Commonwealth through the Fourteenth Amendment, pursuant to section 501(a) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America. Pub. L. No. 92-241, 90 Stat. 263 (1976), codified at 48 U.S.C. § 1801 note.

Defendants from enforcing those provisions it declared unconstitutional. (*Id.*)

Approximately two months after the Court issued its decision, the Commonwealth enacted the Second Special Act for Firearms Enforcement ("SAFE II") on December 1, 2016. 2016 N. Mar. I. Pub. L. 19-73. SAFE II repealed 6 CMC § 2204 in its entirety. *Id.* § 3. SAFE II created a new statutory structure, separating the provisions governing firearms licensing, now found at 6 CMC §§ 10601 *et seq.*, and firearm registration, found at 6 CMC §§ 10701–10703. *Id.* §§ 4–5. SAFE II did not repeal or amend 4 CMC § 1407. The last sentence of 4 CMC § 1407(b) remains unchanged since this Court found it violated the Second Amendment insofar that it is a registration measure: "However, firearms may not be released until complete payments of all taxes due and owing is made, and *upon a showing that the firearm has been properly registered* and that the owner has a valid Weapons Identification Card or Firearms Identification Card." (emphasis added).

In 2016 and 2019, Murphy applied for a renewal of his individual firearms license under protest. (Motion at 19.) He particularly objects to the following language in Section 3 of the application: "You may keep and posses[s] only the firearms that you register." (*Id.*; *see also* ECF No. 118-1 at 8.) On January 30, 2020, Murphy filed the instant motion asking the Court to hold Defendant Robert Guerrero, Department of Public Safety ("DPS") Commissioner, in criminal contempt for violating this Court's September 2016 Order by enforcing firearm registration regulations. (Motion at 7.)

## II.  LEGAL STANDARD

District courts have the inherent authority to punish contempt, both for conduct occurring before the court as well as conduct outside of the courtroom. *Chambers v. NASCO, Inc.*, 501 U.S. 32,

3

44 (1991). "A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016). However, Congress has placed some limitations on federal courts' authority to hold individuals in criminal contempt. 18 U.S.C. § 401; *see also F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 n.5 (9th Cir. 2001). Courts have the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Criminal contempt is subject to due process protections. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994); *F.J. Hanshaw*, 244 F.3d at 1139. The person charged with criminal contempt must be given notice and is entitled to a jury trial in some cases. Fed. R. Crim. P. 42(a). Additionally, the court must request that an attorney for the government prosecute the contempt, "unless the interest of justice requires the appointment of another attorney." Fed. R. Crim. P. 42(a)(2). The Ninth Circuit has held "that the crime of contempt is established when a defendant willfully disobeys a clear and definite court order of which the defendant is aware." *United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986).

### III. DISCUSSION

Here, Murphy moves for the Court to hold Guerrero in criminal contempt for DPS's enforcement of the firearm registration provisions of SAFE II, which he asserts is a violation of this Court's Order finding the firearm registration requirements of the Weapons Control Act and SAFE I in violation of the Second Amendment.

The Commonwealth first argues that Murphy is not the correct party to bring a criminal

4

contempt charge because that authority lies with the prosecutor and the court. (Opposition at 5.) Notwithstanding, it is the parties who are often in the best position to inform the Court that a party is resisting or disobeying its orders. *See Vuitton Et Fils S.A. v. J. Young Enterprises, Inc.*, 644 F.2d 769, 778 (9th Cir. 1981) (plaintiff filed a motion for an order to show cause why the defendant should not be held in civil and criminal contempt for violating an injunction); *Biocell Labs., Inc. v. Biocell Research Labs., Ltd.*, 85 F.3d 634 (9th Cir. 1996), *as amended on reh'g* (June 21, 1996) (unpublished) (same); *F.T.C. v. Leshin*, 618 F.3d 1221, 1227 (11th Cir. 2010) (same). Perhaps this motion should have been fashioned as a motion for an order to show cause, rather than a motion for contempt. However, the title of a motion is not controlling; instead, a court shall "construe the motion, however styled, to be the type proper for the relief requested." *United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017) (internal quotation omitted). Moreover, Murphy is representing himself in this matter and "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). The Court therefore does not interpret Murphy's motion as an attempt to charge Defendants with criminal contempt, which is clearly beyond his authority, but rather as a request that the Court initiate criminal contempt proceedings pursuant to its authority at 18 U.S.C. § 401(3) based on the information he has provided.

Second, the Commonwealth argues that it is not in violation of this Court's Order because it is not enforcing the statutory provisions this Court found unconstitutional. (Opposition at 6.) Those firearm registration requirements were repealed, and the Commonwealth enacted new legislation, a statute it claims was designed to comply with the September 2016 Order and, more generally, the Second Amendment. (*Id.*) In his motion for contempt, Murphy misinterprets this Court's previous

5

order. The Court did not hold that all registration requirements for firearms violate the Second Amendment. Instead, it limited its holding to the rationale presented for the Commonwealth registration requirements in the Weapons Control Act and SAFE I. (Order at 23.) The Court held that those registration requirements did not pass intermediate scrutiny because they did not rationally serve the Commonwealth's stated interest in preventing gun-related deaths. (*Id.* at 22.) Additionally, the Court found that the registration requirements before it created more than a de minimis burden on licensed gun-owners by separating them from newly acquired firearms for at least 15 days while DPS processed the registration. (*Id.* at 21.) Nevertheless, the Court recognized that "[t]here may be legitimate reasons for a state to implement a registration requirement that creates a de minimis hardship on an individual." (*Id.* at 23.)

To the extent that Murphy appears to argue that the provisions of SAFE II are the same as those provisions this Court found unconstitutional, the Court does not agree. (*See* Motion at 26–28 comparing the language of 6 CMC § 2204 and Public Law 19-73; Reply at 5–6.) As the Commonwealth points out, there are practical differences between the prior law and the current scheme for firearm licensing and registration. (Opposition at 7.) In his Reply, Murphy argues the SAFE Act II does not rationally serve the interest to protect public welfare. (Reply at 7.) The Court offers no opinion whether SAFE II's registration regulations would pass constitutional muster. That was not an issue presented to the Court when it issued its Order that is the subject of the motion here. It does, however, find that the Commonwealth has not willfully violated its order enjoining it from enforcing the registration requirements found in 6 CMC § 2204 because that section has been repealed.

Additionally, while SAFE II did not repeal or amend the language in 4 CMC § 1407(b) that

this Court found unconstitutional, the Court notes that Murphy has not alleged that the Commonwealth seized or withheld any of his firearms because they were not registered. Therefore, to the extent that section 1407(b) is unconstitutional, Murphy has presented no evidence that the Commonwealth continues to enforce the unconstitutional aspects of that law.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff Paul Murphy's Motion to hold Defendant Robert Guerrero in contempt of court, which this Court has considered to be a motion for the Court to initiate criminal contempt proceedings, is DENIED.

IT IS SO ORDERED this 1st day of April, 2020.

RAMONA V. MANGLONA
Chief Judge